IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE STRICKER, | : | |
|     Plaintiff | : | 1:12-cv-565 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE CO., | : | |
|     Defendant | : | |

## MEMORANDUM

Currently pending before the Court is Defendant State Farm's motion to dismiss Plaintiff Michele Stricker's claim of bad faith denial of insurance coverage. (Doc. No. 4.) The motion is now ripe for disposition, and for the reasons stated more fully herein, the Court will deny the motion.

## I.  BACKGROUND[1]

At all times relevant to the present litigation, Defendant provided Plaintiff with insurance coverage in the amount of $100,000 for primary underinsured motorist benefits, known as Coverage W3, and $50,000 for excess underinsured motorist benefits, known as Coverage W. (Doc. No. 1-1 ¶¶ 3-4.) Plaintiff contends that she was informed that she would be able to "stack" these coverage amounts. (Id. ¶ 15.) On July 17, 2011, Plaintiff sustained severe injuries while riding as a passenger in a vehicle owned and operated by Darwin Appleby. (Id. ¶ 6.) The injuries sustained by Plaintiff exceed all potentially available liability and underinsured motorist

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Accordingly, all background facts are drawn from Plaintiff's complaint.

coverage. (Id.) On November 2, 2011, while Plaintiff was not represented by counsel, Defendant provided Plaintiff with a draft in the amount of $50,000 and indicated that this sum represented her "policy limits." (Id. ¶¶ 8-9.) Plaintiff met with counsel in January 2012, and shortly thereafter Plaintiff's counsel informed Defendant that the maximum amount of coverage to which Plaintiff was entitled under the policies was $150,000. (Id. ¶ 11.) Later in January 2012, Defendant tendered an additional $50,000, maintaining that the maximum amount of coverage to which Plaintiff was entitled under the policies was $100,000. (Id. ¶ 12.) This action followed.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has held that while

the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)).

### III.   DISCUSSION

Defendant moves to dismiss Plaintiff's statutory bad faith denial of coverage claim. Pennsylvania law provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>>
>> (2) Award punitive damages against the insurer.
>>
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371. The term "bad faith" is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

To state a claim for bad faith, a plaintiff must establish by clear and convincing evidence that: (1) the insurer did not have a reasonable basis for denying benefits under the policy; and (2)

3

the insurer had knowledge of its lack of a reasonable basis in denying the claim or recklessly disregarded the same. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). Simple negligence or poor judgment, standing alone, is insufficient to establish bad faith. Luse v. Liberty Mut. Fire Ins. Co., 411 F. App'x. 462, 465 (3d Cir. 2011) (citing Terletsky, 649 A.2d at 688).

Upon a review of the complaint and the exhibits attached thereto, the Court is unprepared at this early stage of the litigation to dismiss Plaintiff's claims for bad faith denial of coverage. The gravamen of the instant action is a dispute regarding the amount of coverage to which Plaintiff is entitled pursuant to the terms of two insurance policies.[2] Specifically, Plaintiff contends that pursuant to the policies, one that provides $100,000 in primary underinsured motorist coverage and the other that provides $50,000 in excess underinsured motorist coverage, she was entitled to a combined total of $150,000 in coverage from Defendant. Plaintiff contends that Defendant's actions in informing Plaintiff, before she had obtained counsel, that she was only entitled to $50,000 in coverage pursuant to her policy coupled with Defendant's position

---

[2] Plaintiff also raises a number of arguments in her brief in opposition premised on the Unfair Insurance Practices Act, 40 Pa. Stat. § 1171.1, et seq. The Unfair Insurance Practices Act does not, however, provide for a private right of action and its provisions may only be enforced by the Commonwealth's insurance commissioner. D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 970 (Pa. 1981). Accordingly, the United States Court of Appeals for the Third Circuit and this Court have held that alleged violations of the Unfair Insurance Practices Act do not, in and of themselves, constitute bad faith pursuant to 42 Pa. Cons. Stat. § 8371. Leach v. Northwestern Mut. Ins. Co., 262 F. App'x 455, 459 (3d Cir. 2008) (concluding that "insofar as [plaitniff's] claim for bad faith was based upon an alleged violation of the UIPA, it failed as a matter of law"); UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 505-06 (3d Cir. 2004) (finding that the plaintiff "cannot rest its bad faith claim on the violations of the UIPA"); Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co., 29 F. App'x 823, 827 (3d Cir. 2002) (concluding that "a violation of the UIPA or the UCSP is not a per se violation of the bad faith standard"); Oehlmann v. Metro. Life Ins. Co., 644 F. Supp. 2d 521, 531 (M.D. Pa. 2007) ("reject[ing] that the alleged violations of UIPA and UCSP are bad faith per se").

after Plaintiff retained counsel that she was only entitled to $100,000 in coverage constitutes bad faith.  Defendant counters that Plaintiff's claim of bad faith is nothing more than an allegation that Defendant reasonably misinterpreted the policy.  Notably, Defendant points to a provision of the policy that provides:

> **If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3**
>
> 1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:
>
>    a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
>    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies.  *We* may choose one or more policies from which to make payment.

(Doc. No. 4-1, Ex. B at 27 (emphasis in original).)  Defendant argues that because its interpretation of the policy is facially reasonable, Plaintiff's claim of bad faith necessarily fails.

The Third Circuit has explained that to defeat a claim of bad faith, the insurer need only provide a reasonable basis for its actions.  Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999).  "Bad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy and the law." Bostick v. ITT Hartford Grp., 56 F. Supp. 2d 580, 587 (E.D. Pa.1999) (citing J.H. France Refractories Co. v. Allstate Ins. Co., 626 A.2d 502, 510 (Pa. 1993)); see also Heebner v. Nationwide Ins. Enter., 818 F. Supp. 2d 853, 859 (E.D. Pa. 2011); Emplrs Mut. Cas. Co. v. Loos,

476 F. Supp. 2d 478, 492 (W.D. Pa. 2007).  In light of the policy language quoted above, Plaintiff will have a high bar in establishing that Defendant has acted in bad faith.  The Court is satisfied, however, that Plaintiff's complaint has raised her claim of bad faith at least to the level of plausibility required by Iqbal, 556 U.S. at 677.

Plaintiff has pleaded that Defendant represented that the initial $50,000 offer constituted her "policy limits."  (Doc. No. 4-1, Ex. E.)  Moreover, while Defendant has pointed to language supporting its construction of the primary insurance policy limits, it is not at all clear that Defendant's position is reasonable as to Plaintiff's excess underinsured motorist policy which provides:

> **If Other Underinsured Motor Vehicle Coverage Applies – Coverage W**
>
> 1. If underinsured motor vehicle coverage for *bodily injury* is available to an insured from more than one policy provided by *us* or any other insurer, any coverage applicable:
>
>     [. . .]
>
>     c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car*.

(Doc. No. 4-1, Ex. B at 26 (emphasis in original).)  In light of the scant briefing on the subject, the Court declines to determine at this time whether Defendant's interpretation of the insurance contract in light of the provision related to the excess underinsured motor vehicle coverage is correct, reasonable but incorrect, or unreasonable and incorrect.  However, the Court is satisfied that Defendant's initial misrepresentation regarding the limits of Plaintiff's policy coupled with a potentially incorrect interpretation of the policy after Plaintiff had obtained counsel, could plausibly support a conclusion that Defendant has acted in bad faith toward Plaintiff in denying

coverage.  This is not to say that Plaintiff will ultimately prevail on this claim, or even that Plaintiff's claim will survive a motion for summary judgment.  Rather, the Court merely finds that dismissal of the bad faith claim at this juncture would be premature.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE STRICKER,** | : | |
| **Plaintiff** | : | 1:12-cv-565 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE CO.,** | : | |
| **Defendant** | : | |

## **ORDER**

**AND NOW**, on this 13th day of June 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. No. 4) is **DENIED**.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania